[No. E010912. Fourth Dist., Div. Two. Dec. 20, 1993.]

Estate of LAWRENCE J. GAGNIER, Deceased.
LAWRENCE J. GAGNIER, JR., et al., Petitioners and Appellants, v.
NANCY J. GAGNIER, Objector and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts V and VI(b).

**COUNSEL**

Redwine & Sherrill, Gary E. Reddish and Robert T. Andersen, Jr., for Petitioners and Appellants.

Robert C. Bergen for Objector and Appellant.

**OPINION**

**HOLLENHORST, J.**—In this case we hold that a spouse's waiver of her right to take the statutory share of a spouse omitted in her husband's will is valid when the waiver is contained in a premarital agreement.

The trial court found the waiver ineffective because the spouse was not represented by independent counsel in the preparation of the premarital agreement. We disagree, finding the waiver to be a valid part of a valid premarital agreement. We also find that the trial court erred in failing to exercise its discretion to alternatively decide the validity of the waiver under Probate Code section 144. In view of our first finding, the failure of the trial court to exercise its discretion under Probate Code section 144 was harmless error.

I

FACTS

Lawrence Gagnier died on April 18, 1991. His will gives essentially all of his estate to his spouse, Doris Gagnier, if she survives him and, if not, to his four sons. However, Doris Gagnier did not survive Lawrence and the four sons claim their inheritance under the will. The estate is valued at approximately $357,000.

Lawrence Gagnier married Nancy J. Gagnier on October 13, 1990, approximately six months before his death. Two days prior to the marriage, Lawrence and Nancy signed a premarital agreement. The premarital agreement generally provides that each party's separate property is to remain their separate property after the marriage. It also specifically provides that each waives any right to share in the other's estate, specifically including the right to take the statutory share of an omitted spouse. Nancy was not represented by counsel in the negotiation or preparation of the agreement. For this reason, the trial court held the waiver invalid. Under the trial court's decision, Nancy would receive her statutory share of the estate. Two of the sons appeal this decision.

The premarital agreement also provides that a joint bank account will be maintained for payment of joint living expenses but that the money in the account will remain the separate property of the contributor. Lawrence and Nancy maintained three joint tenancy bank accounts. Shortly before his death, Lawrence completed the refinancing of a parcel of real estate. The refinancing check, for $40,508.05, which was made out to Lawrence, arrived

while he was in the hospital. Nancy endorsed it and deposited it in a joint account. After Lawrence's death, Nancy withdrew the balance of approximately $50,000 from the joint bank accounts and refused to return it to the estate.

Upon objection by the sons, the trial court held that the accounts were decedent's separate property and ordered that Nancy return the balances of the accounts, with interest, to the estate. Nancy filed a cross-appeal to contest this ruling.

## II

### PRETERMITTED SPOUSES

"California has long had a policy against the *unintentional* disinheritance of a spouse who marries a testator after the testator has executed a will and of children born to a testator after execution of his or her will. The Code makes special provision for such a spouse or child—so-called omitted or 'pretermitted' heirs." (Ross & Moore, Cal. Practice Guide: Probate (The Rutter Group 1993) ¶ 4:45, p. 4-20.)

Probate Code section 6560 provides that, if a testator fails to provide by will for a surviving spouse who married the testator after execution of the will, the omitted spouse will receive a prescribed share of the estate.

Probate Code section 6561, subdivision (c) provides that this right may be waived by "a valid agreement waiving the right to share in the testator's estate." "Public policy discourages a testator's failure to provide for a surviving spouse [citation], but it does not nullify that failure when the testator and spouse have mutually contracted to waive such provision." (*Estate of Cantor* (1974) 39 Cal.App.3d 544, 548 [114 Cal.Rptr. 160].)

■ Appellants contend that the premarital agreement is a valid agreement, and that the waiver in the premarital agreement is a valid waiver. Objector contends that the validity of the waiver must be tested under Probate Code section 140 et seq., entitled "Surviving Spouse's Waiver of Rights." The trial court agreed with objector, finding the waiver ineffective under Probate Code section 143.

The issue, therefore, is whether the validity of a waiver of the right to take the statutory share of an omitted spouse is tested under the Civil Code (§ 5315) or the Probate Code (§ 140 et seq.).

Probate Code section 147 addresses this issue. It provides that, with certain exceptions, the validity of a waiver agreement is tested under Probate

Code section 140 et seq. Specifically, Probate Code section 147, subdivision (a) provides that: "Subject to subdivisions (c) and (d), a waiver, agreement, . . . is invalid insofar as it affects the rights listed in subdivision (a) of Section 141 unless it satisfies the requirements of this chapter." The rights listed in Probate Code section 141 include the right to take the statutory share of an omitted spouse. (Prob. Code, § 141, subd. (a)(8).) Thus, a waiver must generally satisfy the requirements of that chapter. (Prob. Code, § 147, subd. (a).)

The question then becomes whether the exception of Probate Code section 147, subdivision (c) is applicable. Probate Code section 147, subdivision (c) provides: "Nothing in this chapter affects the validity or effect of any premarital property agreement, whether made prior to, on, or after January 1, 1985, insofar as the premarital property agreement affects the rights listed in subdivision (a) of Section 141, *and the validity and effect of such premarital property agreement shall be determined by the law otherwise applicable to the premarital property agreement.* Nothing in this subdivision limits the enforceability under this chapter of a waiver made under this chapter by a person intending to marry that is otherwise enforceable under this chapter." (Italics added.)

Parsing this subdivision, it appears to us that the first half of the first sentence provides that premarital agreements that purport to waive the right to take the statutory share of an omitted spouse are not affected by Probate Code section 140 et seq. The second half of the first sentence confirms this interpretation by stating affirmatively that the validity of such agreements is to be determined by the laws specifically applicable to such agreements. As appellants contend, the implication is that waivers in premarital agreements are valid if the premarital agreement is itself valid.

The second sentence of the subdivision provides that the first sentence does not limit the enforceability of a premarital waiver that is otherwise enforceable under Probate Code section 140 et seq. Thus, a premarital waiver that is not contained in a valid premarital agreement may nevertheless be enforceable under Probate Code section 140 et seq.

This interpretation is confirmed by the California Law Revision Commission comment to this section. The comment explains this section as follows: "Subdivision (a) makes clear that, *absent a valid premarital property agreement,* interspousal agreements or waivers of rights on death must satisfy the requirements of this chapter. . . . [¶] Subdivision (c) makes two things clear. *First, an enforceable agreement affecting rights listed in subdivision (a) of Section 141 may be made in a valid premarital property agreement. Second,*

*a premarital waiver of rights listed in subdivision (a) also is enforceable under this chapter if the requirements of this chapter are satisfied."* (Italics added.)

While the wording of the section is not as clear as the Law Revision Commission comment indicates, we agree that the intent of the subdivision is to allow the validity of a waiver of the right to take the statutory share of an omitted spouse in a premarital agreement to be tested by the Civil Code provision applicable to such an agreement. (Civ. Code, § 5315.) In addition, the waiver may also be found valid under the Probate Code sections.

### III

#### VALIDITY OF THE PREMARITAL AGREEMENT

Appellants contend that the premarital agreement was valid because it was in writing, signed by the parties, and the marriage actually took place. (Civ. Code, §§ 5311, 5313.[1]) Civil Code section 5312 provides that a premarital agreement may deal with the subject of the disposition of property upon death.

Civil Code section 5315, subdivision (a) deals with the enforceability of premarital agreements. That section provides that a premarital agreement is not enforceable if the party against whom enforcement is sought proves either that he or she did not execute the agreement voluntarily, or that "[t]he agreement was unconscionable when it was executed and, before execution of the agreement, all of the following applied to that party: [¶] (A) He or she was not provided a fair and reasonable disclosure of the property or financial obligations of the other party. [¶] (B) He or she did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided. [¶] (C) He or she did not have, or reasonably could not have had, an adequate knowledge of the property or financial obligations of the other party."

Nancy Gagnier did not allege that the agreement was unenforceable under any of these grounds. Indeed, her testimony supports the conclusion that Lawrence Gagnier fully disclosed all of his property in a disclosure statement attached to the agreement, that she had adequate knowledge of his property and financial obligations, and that she voluntarily signed the document. There was therefore no basis for the trial court to find the premarital

---

[1]Civil Code section 5300 et seq., comprise the Uniform Premarital Agreement Act. The chapter was repealed by Statutes 1992, chapter 162, section 3, operative January 1, 1994, and readopted as Family Code section 1600 et seq. This change does not affect the discussion of the act.

agreement unenforceable under Civil Code section 5315, and the trial court did not do so.

We therefore agree with appellants that the premarital agreement is valid, and that the waiver of the right to take as an omitted spouse is also valid. (Cf. *Estate of Butler* (1988) 205 Cal.App.3d 311 [252 Cal.Rptr. 210].)

IV

VALIDITY OF THE WAIVER UNDER THE PROBATE CODE

■ As noted above, a waiver may *also* be valid and enforceable under Probate Code section 140 et seq. (Prob. Code, § 147, subd. (c).) Those sections apply to waivers by the surviving spouse of certain rights, including the right to take the statutory share of an omitted spouse.[2] (Prob. Code, §§ 140, 141.) Probate Code section 142 provides that a waiver must be in writing and signed by the surviving spouse.

Probate Code section 142, subdivision (b) provides: "Subject to subdivision (c), a waiver under this chapter is enforceable only if it satisfies the requirements of subdivision (a) *and is enforceable under either Section 143 or Section 144.*" (Italics added.) The agreement here clearly satisfied the requirements of subdivision (a), i.e., it was in writing and signed by the surviving spouse.

Probate Code section 143 provides that a waiver is enforceable under that section unless the surviving spouse proves that he or she was not represented by independent legal counsel at the time of signing of the waiver. Since the surviving spouse here was not represented by counsel, the waiver here was clearly not enforceable under Probate Code section 143.

However, as noted above, the waiver may nevertheless be enforceable under Probate Code section 144. That section provides that a waiver is enforceable under that section if the court determines either that the waiver at the time of signing made a fair and reasonable disposition of the rights of the surviving spouse or the surviving spouse had adequate knowledge of the property of the decedent, and the decedent did not violate any duty under Civil Code section 5103, subdivision (b). If the court makes either of these

---

[2]One difference between the two statutory schemes is that the premarital agreement is an agreement between prospective spouses (Civ. Code, §§ 5310, subd. (a), 5311) while the waiver can be unilateral, i.e., it need be signed only by the surviving spouse. (Prob. Code, §§ 140-142.)

determinations, it may nevertheless find that enforcement of the waiver would be unconscionable.

The trial court here erred by relying solely on Probate Code section 143, and in failing to consider the enforceability of the waiver under Probate Code section 144. As the California Law Revision Commission comments to Probate Code section 143 make clear, Probate Code section 143 is intended to give the parties the assurance that, if they satisfy the conditions of disclosure and independent counsel, ". . . their affairs will be governed in an agreed upon manner. *If these conditions are not satisfied (for example, counsel may not have been sought at all or the surviving spouse may not have been separately represented), a waiver may still be enforceable under Section 144* (waiver enforceable in discretion of court)." (Italics added.)

Probate Code section 144 specifies that the court may also enforce a waiver if it finds that the waiver made a fair and reasonable disposition of the rights of the surviving spouse, that the surviving spouse had adequate knowledge and there was no breach by the decedent of his or her duties under Civil Code section 5103 (repealed by Stats. 1992, ch. 162, § 3, effective Jan. 1, 1994. Readopted as Fam. Code, § 721 by Stats. 1992, ch. 162, § 10.) The court may also refuse to enforce the waiver if it finds that it would be unconscionable to do so.

While we agree with appellants that the trial court erred in failing to exercise its discretion to determine enforceability of the waiver under Probate Code section 144, the error was harmless in view of our holding that the waiver was valid because the premarital agreement was valid under Civil Code section 5315.

## V

### The Cross-appeal*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## VI

### Disposition

(a) Since this court has found that the waiver of the right of the surviving spouse to take the statutory share of an omitted spouse in the

*See footnote, *ante*, page 124.

premarital agreement was a valid waiver, the order of the trial court filed January 28, 1992, numbered paragraph 1, is reversed.

(b) . . . . . . . . . . . . . . . . . . . . . . . . . .*

Ramirez, P. J., and Timlin J., concurred.

---

*See footnote, *ante*, page 124.